UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ROCIO DEL CARMEN RODRIGUEZ,
                              Petitioner,

                -v-                                          20-CV-2801 (JPO)

THOMAS DECKER *et al.*,                                      ORDER
                              Respondents.

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

Petitioner Rocio Del Carmen Rodriguez is currently being held by U.S. Immigration and Customs Enforcement ("ICE") at the Hudson County Jail in New Jersey. (Dkt. No. 1 ¶¶ 3, 27.) On April 3, 2020, Rodriguez, through counsel, filed a petition for a writ of habeas corpus in this Court, seeking her immediate release from immigration custody. Rodriguez suffers from health conditions which she alleges make her particularly vulnerable to COVID-19, and the Hudson County Jail has already reported multiple confirmed cases of the virus. (Dkt. No. 1 ¶ 3.) Courts in this district (including this Court) have recently ordered emergency relief in analogous situations, and relief may well be warranted here. *See Avendaño Hernandez v. Decker*, No. 20 Civ. 1589, 2020 WL 1547459, at *1 (S.D.N.Y. Mar. 31, 2020); *Coronel v. Decker*, No. 20 Civ. 2472, 2020 WL 1487274, at *1 (S.D.N.Y. Mar. 27, 2020); *Basank v. Decker*, No. 20 Civ. 2518, 2020 WL 1481503, at *1 (S.D.N.Y. Mar. 26, 2020).

However, the proper respondent to a habeas petition challenging present physical confinement is the immediate custodian, *i.e.* the "warden of the facility where the [petitioner] is being held, not . . . some[] remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). It follows that jurisdiction over such "core" petitions "lies only in . . . the district of confinement." *Id.* at 444. As this Court has previously held, that rule applies with full force to

core habeas petitions brought by ICE detainees held in state facilities.[1] *See Adikov v. Mechkowski*, No. 16 Civ. 3797, 2016 WL 3926469 (S.D.N.Y. July 18, 2016). Accordingly, the proper respondent here is not Thomas Decker, the Director of ICE's New York Field Office, but rather the immediate custodian at Hudson County Jail, and the district with jurisdiction over the present petition is the District of New Jersey.

The Court therefore orders immediate transfer of this matter to the District of New Jersey. In light of the need for urgent judicial attention to Petitioner's claims and in recognition of the grave risks that continued confinement may pose to Petitioner's health, the Court waives the seven-day period provided in Local Civil Rule 83.1 to effectuate a transfer to a different district and directs the Clerk of Court to effectuate this transfer urgently.

SO ORDERED.

Dated: April 9, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] This conclusion accords with the preponderance of authority in the Southern District. *See, e.g., Reyes v. Decker*, No. 20 Civ. 2737, at 3 (S.D.N.Y. Apr. 2, 2020) (Dkt. No. 4) (collecting cases); *see also Pena v. Decker*, No. 20 Civ. 2482 (S.D.N.Y. Apr. 8, 2020), Dkt. No. 22; *Ortiz v. Decker*, No. 20 Civ. 2785 (S.D.N.Y. Apr. 8, 2020), Dkt. No. 3; *but see Rodriguez Sanchez v. Decker*, No. 18 Civ. 8798, 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019); *Cruz v. Decker*, No. 18 Civ. 9948, 2019 WL 4038555 (S.D.N.Y. Aug. 27, 2019).